**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ACT Group Inc., an Arizona corporation,<br><br>    Plaintiff,<br><br>v.<br><br>James Hamlin and Jodi Hamlin, husband and wife; WaterFurnace International Inc., an Indiana corporation,<br><br>    Defendants. | No. CV-12-567-PHX-GMS<br><br>**ORDER** |

  Pending before the court are Defendants James Hamlin and Jodi Hamlin's ("Hamlin Defendants") motion to dismiss, (Doc. 10), and Defendant WaterFurnace International, Inc.'s ("WaterFurnace") motion to dismiss, (Doc. 14). For the reasons stated below, the Court grants Defendants' motions in part and denies them in part.

## BACKGROUND

  Plaintiff, The ACT Group ("ACT"), provides training and education services to HVAC distributors, dealers and their representatives nationwide. (Doc. 1, ¶¶ 9–11; Doc. 17 at 2). In the course of its business, ACT has developed copyrighted sales training materials, which it labels "the Works." (Doc 1, ¶¶ 10, 39–41). "The Works," which

includes written hand-outs and training materials, was copyrighted in February 2012. (*Id.*). Defendant James Hamlin, a one-time provider of sales training for ACT, is now employed as a national sales trainer by Defendant WaterFurnace. (Doc. 1, ¶¶ 12, 18). WaterFurnace is a manufacturer and distributor of HVAC systems, which also provides sales training to HVAC dealers and representatives. (Doc. 1, ¶ 19). Mr. Hamlin had access to "the Works" in his role at ACT. (Doc. 1, ¶15). ACT alleges that Mr. Hamlin is "utilizing ACT Group's proprietary sales training concepts and materials to perform sales training services for WaterFurnace." (Doc. 1, ¶ 22). Further, ACT alleges that Mr. Hamlin copied ACT's copyrighted materials and now uses materials that are, "as a whole substantially similar to the Works," and "some of the materials" used by Mr. Hamlin "are identical to some of the Works." (Doc. 1, ¶26). ACT brought a suit seeking injunctive relief and claiming copyright infringement, breach of duty of loyalty, aiding and abetting breach of duty of loyalty, and unfair competition. (Doc 1). Hamlin Defendants now move to dismiss for lack of personal jurisdiction and venue, and Hamlin Defendants and WaterFurnace move to dismiss for failure to state a claim on the latter three claims. (Doc. 10; Doc. 14).

**DISCUSSION**

**I.     Rule 12(b)(2): Dismissal for Lack of Personal Jurisdiction**

    **A.     Legal Standard**

To make a prima facia showing that jurisdiction is proper, "the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). The Court therefore takes Plaintiff's

allegations as true and resolves factual conflicts in Plaintiff's favor. *Harris* at 1129.

"Where, as here, there is no applicable federal statute governing personal jurisdiction, the law of the state in which the district court sits applies." *Harris Rutsky & Co. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003). Arizona Rule of Civil Procedure 4.2(a) allows state courts to exercise personal jurisdiction to the extent permitted by the state and federal constitutions. *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 416 (9th Cir. 1997). The Court must, therefore, examine whether exercising jurisdiction over the Hamlin Defendants comports with due process. *Cybersell v. Cybersell*, 130 F.3d 414, 416 (9th Cir. 1997). Due process for jurisdictional purposes consists of two elements: the defendant must have sufficient "minimum contacts" with the forum state, and the exercise of jurisdiction must "comport with fair play and substantial justice." *Allison v. Wise*, 621 F. Supp. 2d 1114, 1117 (D. Colo. 2007) (citing *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945); *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985)).

"Minimum contacts" are established either through "general jurisdiction" or through "specific jurisdiction." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). The ACT Group does not allege that Mr. Hamlin maintained the "continuous and systematic" contacts in Arizona necessary to support general personal jurisdiction. (Doc. 17 at 6; Doc. 18 at 1). *See Helicopteros*, 466 U.S. at 416. The Ninth Circuit uses a three-prong test to determine if a party has sufficient minimum contacts to be subject to specific personal jurisdiction. As outlined in *Schwarzenegger v. Fred Martin Motor Co.*, the three-prong test is:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

374 F.3d 797, 802 (9th Cir. 2004).

**B.    Analysis**

The Hamlin Defendants claim that they have not directed their activity towards Arizona or purposefully availed themselves of its protections sufficiently to establish personal jurisdiction here. (Doc. 10 at 3–4). Because personal jurisdiction is established through purposeful direction for the reasons outlined below, the Court does not reach the question of purposeful availment.[1]

Purposeful direction is "the proper analytical framework" in copyright claims. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)). Purposeful direction does not require physical contact with the forum state. *Schwarzenegger,* 374 F.3d at 803 (citing *Burger King v. Rudzewicz,* 471 U.S. 462, 476 (1985)). Nor need the "brunt" or "bulk" of the effects of a defendant's actions be located there. *Brayton Purcell*, 606 F.3d at 1131. Rather, purposeful direction is evaluated using

---

[1] Hamlin Defendants argue that Mr. Hamlin did not purposefully avail himself of the laws of the Arizona forum state, due to his limited physical contacts in and with the state. Without addressing their contentions regarding purposeful availment, the Court notes that, because this dispute involves a copyright claim purposeful direction is both the proper standard and all that is required to establish personal jurisdiction.

the three-part "*Calder*-effects test." *Id.* at 1128. *See also Bancroft & Masters, Inc., v. Augusta National, Inc.,* 223 F.3d 1082 (9th Cir. 2000) (noting same in trademark infringement case). It requires that the defendant have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Brayton Purcell*, 606 F.3d at 1128 (quoting *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme,* 433 F.3d 1199, 1206 (9th Cir.2006) (en banc)).

### 1.   Intent

In *Brayton Purcell v. Recordon & Recordon*, the Ninth Circuit deemed the intent act met if the defendant had copied any of the plaintiff's copyrighted materials. 606 F.3d 1124, 1128 (9th Cir. 2010). Here, Plaintiff alleges that Mr. Hamlin copied ACT's copyrighted material. (Doc. 1, ¶¶ 26–27, 31–37). Likewise, Plaintiff alleges Hamlin solicited dealers and others to attend WaterFurnace's classes by promoting the classes through reference to Hamlin's former position at ACT and as being substantially similar to the ACT courses. (Doc. 1, ¶¶ 29, 30). While Defendant challenges the accuracy of both of these assertions, it has not done so on summary judgment, but in a motion to dismiss.[2] Thus, at this stage the accuracy of the allegations will be assumed. Plaintiff's allegations of copying are an allegation that Defendant has committed intentional acts. Taking

---

[2] Several of Defendants' arguments appear to be defenses on the merits. To the extent that this and similar arguments made by Defendants constitute defenses on the merits of the claim, the Court does not address these questions at this stage of the proceedings. *See* CHARLES ALAN WRIGHT, ARTHUR R. MILLER, 5 FED. PRAC. & PROC. CIV. § 1277 (3d ed. 1998) ("[M]otions to dismiss or to strike only can attack matters appearing on the face of the complaint; new defensive material therefore must be raised by answer.")

Plaintiff's allegations as true and resolving factual conflicts in Plaintiff's favor, the intent prong is satisfied as to the Hamlins and WaterFurnace. *Harris*, 328 F.3d at 1129.

### 2. Targeting

Mr. Hamlin has also met the requirement for express aiming. Express aiming occurs when the "defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Bancroft & Masters, Inc., v. Augusta National, Inc.,* 223 F.3d 1082, 1087 (9th Cir. 2000). In *Brayton Purcell*, the Ninth Circuit found the defendant had expressly aimed at the forum when it "individually targeted Brayton Purcell by making commercial use of Brayton Purcell's copyrighted material for the purpose of competing with Brayton Purcell" in the same market niche and geographic region. *Brayton Purcell*, 606 F.3d at 1129–30.

Other courts in the Ninth Circuit have found purposeful direction when a copyright is infringed by a national competitor. In *Precision Craft Log Structures, Inc. v. Cabin Kit Co.*, for example, two firms competed nationally in the "business of selling architectural cabin plans and materials for the construction of such homes." CV05-199-S-EJL, 2006 WL 538819, at *1 (D. Idaho Mar. 3, 2006). Plaintiff, an Idaho firm, alleged that defendant, an Arizona firm, had impermissibly infringed on its copyrighted cabin plans. *Id.* In *Precision Craft*, the court noted that "[c]opyright infringement is in the nature of a tort. When a corporation's copyright is infringed, the corporation suffers harm in its primary place of business." *Id.* at *5 (internal citations omitted). The court then ruled that, because the two companies both sold their plans nationally, "a sale of the copyrighted plans . . . would injure Plaintiff even if the sale was not to an Idaho resident.

Any usage of the copyrighted materials had the effect of injuring [Plaintiff] . . . where it has its principal place of business." *Id.* at *7. As a result, defendant's "intentional actions were expressly aimed or directed at the forum state" and the *Precision Craft* court found it had personal jurisdiction over the Arizona defendant *Id. See also*, *Goldberg v. Cameron*, 482 F.Supp.2d 1136, 1146 (N.D. Cal. 2007) (finding personal jurisdiction where movie producer planned to distribute worldwide, including in forum state, a work which willfully infringed plaintiff's copyright).

As in *Brayton Purcell* and *Precision Craft*, here ACT alleges that Hamlin and WaterFurnace have copied ACT's copyrighted materials in order to entice dealers to whom ACT markets its services, "capitaliz[ing] on the positive reputation and name recognition that ACT group has developed throughout the industry." (Doc. 1, ¶¶ 29, 30). As in *Brayton Purcell*, both ACT and WaterFurnace apparently target the same market, HVAC dealers and representatives.[3] As in both *Brayton Purcell* and *Precision Craft*, Plaintiff alleges that Defendants have and are infringing its copyright. Because ACT holds a copyright in the allegedly infringed materials, it is being harmed in its forum state by Hamlin and WaterFurnace's intentional acts. *Precision Craft*, 2006 WL 538819, at *5. These intentional acts by Defendants, therefore, are expressly aimed at this forum state.

### 3. Foreseeable Harms

The final prong of the *Calder* test is that the defendants must have caused

---

[3] Defendants do not challenge the accuracy of these allegations in their motion to dismiss. Further, while the complaint does not specifically state the two companies are competitors in the same region or nationally, given the language in the complaint and the fact that neither motion asserts the parties are not competitors, the allegations of the complaint are that the parties are competitors either in the same region or nationally.

- 7 -

foreseeable harm or effects in the forum. *Brayton Purcell*, 606 F.3d at 1131 (citing *Yahoo!,* 433 F.3d at 1206; *Bancroft,* 223 F.3d at 1087). The "brunt" of the harm need not be suffered in the forum, "this element may be established even if "the bulk of the harm" occurs outside the forum." *Id.*

Plaintiff alleges that Mr. Hamlin copied Plaintiff's copyrighted materials and that WaterFurnace marketed his services "as being substantially the same as ACT Group's Boot Camp training course, but less expensive" and "promot[ed] Hamlin as a former sales trainer from ACT Group, to capitalize on the positive reputation and name recognition that ACT Group has developed throughout the industry." (Doc. 1, ¶¶ 29–30). Taking these allegations as true, it was foreseeable that ACT "would be harmed by infringement of its copyright, including harm to its business reputation and goodwill, and decreased business and profits. It was also foreseeable that some of this harm would occur in the Forum, where [ACT] was known to reside." *Brayton Purcell,* 606 F.3d at 1131. According to the Complaint, ACT is an Arizona corporation with its principal place of business and its principal offices located in Maricopa County. "Consequently, [ACT] has satisfied the third and final element of the *Calder*-effects test." *Id.* Therefore, this Court has jurisdiction over Plaintiff's claims against Defendants.

**II.     28 U.S.C. §§ 1381 and 1400(a): Dismissal for Improper Venue**

Venue in copyright cases is governed by 28 U.S.C. §1400(a), which provides that "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). "Venue under 28 U.S.C. § 1400(a) is proper in

any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state." *Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 289 (9th Cir. 1997) *rev'd on other grounds sub nom. Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998). Because this Court has personal jurisdiction over the Defendants, venue is also appropriately placed here.

### III. Rule 12(b)(6): Dismissal for Failure to State a Claim

Defendants Hamlin move for dismissal of Plaintiff's claims of breach of duty of loyalty (Count III), aiding and abetting same (Count IV), and unfair competition (Count V). Defendant WaterFurnace joins the Hamlins in moving for failure to state a claim as to the latter two claims. For the reasons stated below, the Court grants Defendants' motion only as to Count V.

#### A. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts must "accept as true the facts alleged in the complaint," *Zimmerman v. Or. Dep't of Justice,* 170 F.3d 1169, 1171 (9th Cir. 1999), and "must draw inferences in the light most favorable to the plaintiff." *Barker v. Riverside County Office of Ed.,* 584 F.3d 821, 824 (9th Cir. 2009) (citation omitted). "A motion under 12(b)(6) tests the formal sufficiency of the statement of claim for relief." *Fednav Ltd. V. Sterling Int'l,* 572 F. Supp. 1268, 1270 (N.D. Cal. 1983). Therefore, complaints are to be "liberally construed in favor of the plaintiff." *Id.*

To survive a Rule 12(b)(6) challenge, a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must

contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal citations omitted). Similarly, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

  **B.**  **Analysis**

    **1.**  **Breach of Duty of Loyalty and Aiding and Abetting**

  Defendants dispute whether Mr. Hamlin owed or owes ACT a duty of loyalty, as well as whether, if such a duty is or was due, such duty was breached by Mr. Hamlin. If Mr. Hamlin owes no duty of loyalty to ACT, he therefore he cannot have breached a duty of loyalty (Count III), and WaterFurnace cannot have aided and abetted Mr. Hamlin's breach of duty (Count IV). (Docs. 10 at 4–5; 14 at 2*)*. The analysis for the arguments of

the separate Defendants is the same, and so is addressed here collectively. Construing Plaintiff's claims liberally, the Court finds that Plaintiff has stated sufficient facts to state a claim for relief.

First, whether Hamlin was an employee or an independent contractor, it is not facially implausible that Hamlin owed ACT a duty of loyalty, as Plaintiff alleges. (Doc. 1, ¶57). An employee clearly owes his employer "a fiduciary duty of loyalty." *McAllister Co. v. Kastella*, 170 Ariz. 455, 457, 825 P.2d 980, 982 (App. 1992). Defendant concedes as much. (Doc. 10 at 5), but argues that Mr. Hamlin was not an employee, but an independent contractor.

An independent contractor, however, may also owe his employer/principle a duty of loyalty. "[T]he common term "independent contractor" is equivocal in meaning and confusing in usage because some termed independent contractors are agents while others are nonagent service providers." RESTATEMENT (THIRD) OF AGENCY § 1.01 (2006). *See also Ochoa v. J.B. Martin & Sons Farms, Inc.*, 287 F.3d 1182, 1189 (9th Cir. 2002) ("Under Arizona law, the categories "independent contractor" and "agent" are not mutually exclusive."). The Supreme Court of Arizona has noted that "[w]hile it is always the case that an independent contractor is not a servant, it is not always the case that an independent contractor is not an agent." *Wiggs v. City of Phoenix*, 10 P.3d 625, 628 (Ariz. 2000). An agent may owe a duty of loyalty to his employer, just as an employee does. *See, e.g., In re Urgent Med. Care, Inc.*, 153 B.R. 784, 790 (Bankr. S.D. Ohio 1993) ("As with the employee/employer relationship, the agent's duty of loyalty exists during the terms of the relationship.) Therefore, regardless of whether Mr. Hamlin was an

employee or an independent contractor for ACT, the Court cannot conclude at this stage as a matter of law that Mr. Hamlin owed ACT no duty of loyalty.

Second, Plaintiff has alleged facts relating to at least one breach of duty by Mr. Hamlin. An agent may not "use property of the principal for the agent's own purposes." *Taser Int'l, Inc. v. Ward*, 224 Ariz. 389, 396, 231 P.3d 921, 928 (Ct. App. 2010), *review granted* (Oct. 26, 2010), *review denied and order vacated* (Dec. 9, 2010). *Taser,* 231 P.3d (citing RESTATEMENT (THIRD) OF AGENCY § 8.05). Plaintiff alleges that "[b]y creating a sales training program . . . that improperly replicates and is substantially derived from proprietary sales training concepts and materials developed by ACT Group," Hamlin breached his duty. (Doc. 1, ¶ 58). To the extent that these materials include the property of ACT and that Hamlin was ACT's agent, Plaintiff has alleged sufficient facts to establish a breach of duty by Mr. Hamlin.

Defendants argue there could be no breach because, "none of the actions claimed to be a breach of a duty of loyalty are alleged to have occurred prior to the termination of the relationship between Hamlin and ACT group." (Doc. 10 at 5). Nevertheless, liberally construing the complaint and drawing reasonable inferences from it, Plaintiff has alleged sufficient facts that it is facially plausible that while still employed by ACT, Hamlin created his training program which plagiarized portions of ACT's program. Plaintiff alleges that Hamlin represented that he had developed his own training program called "Fantastic Training." (Doc. 1, ¶20). The allegation in question comes after the statement in Plaintiff's complaint stating the date on which Hamlin advised ACT that he would be leaving (Doc. 1, ¶18), and prior to the statement in Plaintiff's allegation which begins

"[a]fter [Hamlin] leaving ACT Group and beginning work for WaterFurnace." (Doc. 1, ¶22). To the extent that such an act is a breach of duty, Plaintiff also asserts that it has suffered damages as a result of Mr. Hamlin's breach. (Doc. 1, ¶ 59). Having pled facts sufficient to support all the elements of a claim for breach of duty of loyalty, Defendants' motions to dismiss these two claims are denied.

### 2. Unfair Competition

In Arizona, the common law doctrine of unfair competition "encompasses several tort theories, such as trademark infringement, false advertising, 'palming off,' and misappropriation." *Fairway Constructors, Inc. v. Ahern,* 193 Ariz. 122, 970 P.2d 954, 956 (Ct. App. 1998) (internal citations omitted). "[A]n unfair competition claim is preempted unless it alleges elements that make it qualitatively different from a copyright infringement claim." *Id.* Under Arizona law, "[t]he universal test [for unfair competition] is whether the public is likely to be confused." *Doe v. Arizona Hosp. & Healthcare Ass'n*, CV07-1292-PHX-SRB, 2009 WL 1423378 at *11 (D. Ariz. Mar. 19, 2009) (quoting *Boice v. Stevenson*, 66 Ariz. 308, 187 P.2d 648, 653 (Ariz. 1947)).

As Plaintiff has not alleged either trademark infringement or false advertising, if Plaintiff has stated an unfair competition claim it must be either for palming off or for misappropriation. "'[P]alming off,' or 'passing off,' . . . consists in a false representation tending to induce buyers to believe that the defendant's product is that of the plaintiff." *Fairway Constructors*, 970 P.2d at 956. The typical "palming off" case consists of "an attempt to make the purchaser believe that the product of the subsequent entrant is that of his better known competitor." *Kaibab Shop v. Desert Son, Inc.*, 135 Ariz. 487, 489, 662

P.2d 452, 454 (Ct. App. 1982).

While confusion alone is not sufficient to impose damages or to avoid federal preemption under copyright law, customer confusion or deception is a necessary element of palming off. *Fairway Constructors*, 970 P.2d at 956. *See also, Boice*, 187 P.2d at 653; *Doe*, 2009 WL 1423378 at *11 (same); *Cleary v. News Corp.,* 30 F.3d 1255, 1262–63 (9th Cir.1994) (noting that test for both state law unfair competition claim and federal Lanham Act claim is whether the public is likely to be deceived or confused). Indeed, "[t]he line between palming off and creating confusion as to source is indistinct; in effect, palming off is simply a direct and more flagrant means of misleading purchasers as to the source of the product." *Kaibab Shop v. Desert Son, Inc.*, 135 Ariz. 487, 489, 662 P.2d 452, 454 (Ct. App. 1982).

Here, however, Plaintiff has not alleged any deception or confusion of either party's clientele. *Compare Taylor v. Quebedeaux*, 126 Ariz. 515, 617 P.2df 23, 24 (1980) (finding unfair competition where two similarly-named rental companies operated in close proximity with each other and plaintiff produced evidence of confusion) *with Liniger v. Desert Lodge*, 63 Ariz. 239, 160 P.2d 761, 764 (1945) (finding no unfair competition when similarly-named and closely-located tourist lodgings competed but no evidence of confusion by clientele). Therefore, Plaintiff has not stated a claim for unfair competition due to Defendant's 'palming off' of Plaintiff's goods.

"Misappropriation involves the unfair taking for profit, at little or no cost, of property acquired by another through investment of substantial time and money." *Fairway Constructors, Inc.*, 970 P.2d at 957 (internal citations omitted). Under Arizona

law, information misappropriation consists of either:

> (a) Acquisition . . . by a person who knows or has reason to know that the [information] was acquired by improper means.
> (b) Disclosure or use of [information] of another without express or implied consent by a person who either:
>> (i) Used improper means to acquire knowledge of the [information].
>> (ii) At the time of disclosure or use, knew or had reason to know that his knowledge of the [information] was derived from or through a person who had utilized improper means to acquire it, was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use or was derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use.

Ariz. Rev. Stat. Ann. § 44-401(2). *See also, Summit*, 7 F.3d 1434, 1441 (noting elements of common law misappropriation claim under California law are "(1) the plaintiff has invested substantial time and money in development of its ... 'property'; (2) the defendant has appropriated the [property] at little or no cost; and (3) the plaintiff has been injured by the defendant's conduct").

Here, Plaintiff clearly alleges that, "Defendants are aware that" their sales training "program . . . improperly replicates and substantially derives from ACT Group's ideas, language and materials contained in its sales training materials" thus "avoid[ing] the time and expense of developing their own content and generating their own notoriety and basis of expertise within the industry." (Doc. 1, ¶¶ 68, 70). Plaintiff alleges these actions by Defendants were done without Plaintiff's consent, that Defendants "have been unjustly enriched" by such misconduct, and that Defendants' actions have caused ACT to "suffer[] injury, including reduced attendance in its sales training classes and loss of customer goodwill." (Doc. 1, ¶¶ 32, 33, 65, 73). Thus stated, Plaintiffs have stated a

claim for misappropriation of information.

However, misappropriation claims based on copyright are preempted by federal copyright law. *Fairway Constructors, Inc.*, 970 P.2d at 957 (citing *Warner Bros. Inc. v. Am. Broad. Companies, Inc.*, 720 F.2d 231, 247 (2d Cir. 1983)). *See also Summit*, 7 F.3d at 1442 (holding that unfair copying claim is preempted by federal law). To escape preemption, "an unfair competition action for misappropriation of time and effort" must "contain[] an extra element which changes its nature" to something qualitatively different from a copyright claim. *Summit,* 7 F.3d at 1439. *See also Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998) (noting test for Copyright Act preemption). For this reason, "[t]he common law doctrine of 'misappropriation' is normally invoked in an effort to protect something of value that is not covered either by patent or copyright law." *Fairway Constructors, Inc.*, 970 P.2d at 957.Claims ruled not pre-empted include trade secret claims, negligent misrepresentation or breach of contract. *Firoozye v. Earthlink Network,* 153 F. Supp. 2d 1115, 1127 (N.D. Cal. 2001) (noting that extra elements of secrecy, false representation and promise required for claims of trade secret, negligent misrepresentation, and breach of contract respectively made those claims not preempted by copyright law). *See generally,* 1-1 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 1.01[B][1] (2006) (discussing the impact of copyright preemption on various state law claims).

Plaintiff has not stated sufficient facts to establish an extra element that would preclude preemption by the copyright. As Defendants note, Plaintiff has not alleged a trade secret or other element that would "change the nature" of their claim from one

sounding in copyright. (Docs. 10 at 5–6, 14 at 2–3, 18 at 4–5, 19 at 3–4). Indeed, here it appears that the information allegedly misappropriated is copyrighted material. If "the essence of Plaintiff's unfair competition claim is that Defendants used copyrighted works without authorization," Plaintiff's claim is pre-empted. *AJF Eng'g, Inc. v. Wade*, CV 05-3862 PHXSMM, 2007 WL 841416 (D. Ariz. Mar. 16, 2007).

Plaintiff has not clearly alleged sufficient facts to state a claim of unfair competition under a theory of misappropriation. Nor has it alleged confusion, which is a required element of a 'palming off' claim. Nor is the court willing to entertain a theory of unfair competition that is novel to Arizona. *See Doe*, CV07-1292-PHX-SRB, 2009 WL 1423378 (D. Ariz. Mar. 19, 2009) (noting that "the Court is unwilling to find that Plaintiffs may maintain a theory of unfair competition that is entirely novel in Arizona"). Therefore, the Court grants Defendant's motion to dismiss the unfair competition claim.

Plaintiff has requested leave to amend its pleadings with regards to its unfair competition claim and, to the extent that the same conduct also gives rise to a claim for unjust enrichment, to assert that additional claim as well. (Doc. 17 at 13). Rule 15(a) declares that "[t]he court should freely give leave when justice so requires." FED.R.CIV.P. 15(a). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Finding no bad-faith, dilatory motive or other reason which would preclude allowing Plaintiff to amend its complaint, the Court grants Plaintiff's request to amend its Complaint within 30 days of the date of this Order.

/ / /

## CONCLUSION

Plaintiff, an Arizona corporation, owns copyrights in its sales training materials. To the extent those copyrights have been infringed by Defendants for commercial use, jurisdiction and venue are appropriate in the District of Arizona. *Brayton Purcell*, 606 F.3d at 1129–30. As Plaintiff has pled sufficient facts to make claims in breach of duty of loyalty and aiding and abetting facially plausible, dismissal of these claims at this time would not be not appropriate. Plaintiff has not, however, pled sufficient facts to make its claim for unfair competition facially plausible. This claim is therefore dismissed without prejudice.

**IT IS THEREFORE ORDERED:**

1. Hamlin Defendants' Motion to Dismiss (Doc. 10) is **GRANTED IN PART AND DENIED IN PART.**

2. Defendant WaterFurnace's Motion to Dismiss (Doc. 14) is **GRANTED IN PART AND DENIED IN PART**.

3. Plaintiff has leave of the Court to amend its complaint **within 30 days** consistent with this Order.

Dated this 20th day of July, 2012.

/s/ A. Murray Snow
G. Murray Snow
United States District Judge