OFFICIAL VERDICT FORM

```
___ FILED      ___ LODGED
___ RECEIVED   ___ COPY

     NOV 1 7 2015

CLERK U S DISTRICT COURT
   DISTRICT OF ARIZONA
BY_____ DEPUTY
```

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The ACT Group, Inc.<br><br>    Plaintiff,<br><br>v.<br><br>James Hamlin, Jodi Hamlin,<br><br>    Defendants. | No. CV-12-567-PHX-SMM<br><br>REDACTED<br>**VERDICT FORM** |

We, the jury, make the following answers to the questions submitted by the Court:

### VERDICT FORM A

### Copyright

### The work "No Pressure Selling" Registered in 1998

A1. Do you find by a preponderance of the evidence that there is a valid and enforceable copyright for "No Pressure Selling" registered in 1998?

    Yes ☒                 No ☐

If you answered "Yes" to A1, then go on to **Verdict Form B**.

If you answered "No" to A1, then skip **Verdict Forms B and C**.

///

///

///

## VERDICT FORM B

### Copyright

### The work "No Pressure Selling" registered in 1998

B1. If you answered "Yes" to A1, do you find by a preponderance of the evidence that Defendant Hamlin infringed The ACT Group's "No Pressure Selling" covered by the 1998 copyright registration?

    Yes ☒                               No ☐

If you answered "Yes" to B1, then go on to **Verdict Form C**.

If you answered "No" to B1, then skip **Verdict Form C, and enter your verdict for Defendant Hamlin.**

## VERDICT FORM C

### Copyright – Damages

C1. If you answered "Yes" to B1, do you find by a preponderance of the evidence that Defendant Hamlin received indirect profits that are attributable to his infringement of "No Pressure Selling" covered by the 1998 registration?

    Yes ☒                               No ☐

C2. If you answered "Yes" to C1, please indicate the amount of indirect profits you find that Defendant Hamlin earned that are attributable to the infringement:

Indirect Profits: $ __126,000.00__ .

As to any infringement(s) of "No Pressure Selling" registered in 1998, Plaintiff may elect to receive either (1) the amount of indirect profits listed in C1 and C2; or (2) the amount of statutory damages listed below. So that Plaintiff can make that choice, please respond to the following questions:

///

## DAMAGES ALTERNATIVE – 1998 "No Pressure Selling"
### Statutory Damages for "No Pressure Selling" Registered in 1998

C3. If you answered "Yes" to B1, do you find by a preponderance of the evidence that Defendant Hamlin's infringement was innocent?

 Yes ☐        No ☒

C4. If you answered "No" to C3, please proceed to question C5. If you answered "Yes" to C3, then you must award statutory damages in favor of The ACT Group and against Defendant Hamlin in an amount between $200 and $30,000 and indicate the amount of statutory damages here: $_____.

C5. If you answered "No" to C3, do you find by a preponderance of the evidence that Defendant Hamlin's infringement was willful?

 Yes ☒        No ☐

C6. If you answered "Yes" to C5, then you must award statutory damages in favor of The ACT Group and against Defendant Hamlin in an amount between $750 and $150,000 and indicate the amount of statutory damages here: $ _126,000.00_.

C7. If you answered "No" to C3 and C5, then you must award statutory damages in favor of The ACT Group and against Defendant Hamlin in an amount between $750 and $30,000 and indicate the amount of statutory damages here: $_____.

Signed: _____ (Juror Number) #4     Dated: 11-17-2015
  Presiding Juror